1902.) Action by James W. Murphy and another against John E. Parsons and another. W. Blaikie, for appellants. H. Parsons, for respondents. No opinion. Order affirmed, with $10 costs and disbursements.

NATIONAL CONTRACTING CO., Respondent, v. HUDSON RIVER WATER POWER CO., Appellant. (Supreme Court, Appellate Division, First Department. January 17, 1902.) Action by the National Contracting Company against the Hudson River Water Power Company. No opinion. Motion granted.

In re NEIL et al. (Supreme Court, Appellate Division, First Department. January 10, 1902.) In the matter of James Neil and others. No opinion. Decree affirmed, with costs.

NEW YORK CENTRAL IRON WORKS CO., Respondent, v. UNITED STATES RADIATOR CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. January 21, 1902.) Action by the New York Central Iron Works Company against the United States Radiator Company. No opinion. Judgment affirmed, with costs.

NEW YORK, L. & W. RY. CO., Respondent, v. ERIE RY. CO. et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. December 10, 1901.) Action by the New York, Lackawanna & Western Railway Company against the Erie Railway Company and another. No opinion. Orders affirmed, with $10 costs and disbursements.

NEW YORK PHONOGRAPH CO., Respondent, v. DAVEGA, Appellant. (Supreme Court, Appellate Division, Second Department. January 30, 1902.) Action by the New York Phonograph Company against Sol. B. Davega. No opinion. Interlocutory judgment affirmed, on consent in open court, with costs.

NEW YORK PHONOGRAPH CO., Respondent, v. FOOTE et al., Appellants. (Supreme Court, Appellate Division, Second Department. January 30, 1902.) Action by the New York Phonograph Company against George L. Foote and others. No opinion. Interlocutory judgment affirmed, on consent in open court, with costs.

NEW YORK PHONOGRAPH CO., Respondent, v. MATTHEWS et al., Appellants. (Supreme Court, Appellate Division, Second Department. January 30, 1902.) Action by the New York Phonograph Company against Azel D. Matthews and others. No opinion. Interlocutory judgment affirmed, on consent in open court, with costs.

NOSTRAND, Respondent, v. FRAZIER, Appellant. (Supreme Court, Appellate Division, Second Department. January 30, 1902.) Action by Garrett A. Nostrand against Moses L. Frazier. From a judgment in favor of the plaintiff, defendant appeals. Reversed. Charles

E. LeBarbier, for appellant. Edward W. Grotz, for respondent.

WOODWARD, J. The plaintiff brings this action upon a claim, of which he holds an assignment, for professional services alleged to have been rendered to the defendant as an attorney at law by one Henry M. Goldberg. The plaintiff's assignor claims to have been retained by the defendant to bring two certain actions for slander, and claims that the services were reasonably worth $200, on which a payment of $10 is credited. The defendant denies the liability, and upon the trial of the action introduced evidence tending to show that Goldberg took the two cases upon a contingent fee agreement, that the latter has never performed the services which the defendant directed him to perform, and that the $10 credited upon the account of services was for disbursements. The learned court below found the facts in favor of the plaintiff, and rendered judgment for $65; the defendant appealing. Examining the evidence in the light of the respondent's brief, we are unable to reach the conclusion of the court below. The weight of evidence is clearly opposed to the finding that the plaintiff's assignor was employed for the purpose of bringing the actions in such a manner as to involve the liability of the defendant. The evidence is overwhelming that Goldberg took the cases upon a contingency, and that he has never prosecuted the same to judgment, though directed to do so by the defendant. The evidence in support of the assignment of the claim to the plaintiff is not very convincing that there was a consideration for the assignment, and the case suggests bad faith in so many particulars that in the interests of justice we conclude that the judgment should be reversed and a new trial ordered. Judgment reversed, and new trial ordered; costs to abide the event.

GOODRICH, P. J., concurs.

HIRSCHBERG, J. The action was brought to recover for professional services rendered by the plaintiff's assignor, one Henry M. Goldberg, as an attorney at law, in two slander suits instituted by the defendant. On behalf of the plaintiff his assignor testified that the employment was such as tended to establish a right to recover for the service upon a quantum meruit. The defendant testified in his own behalf, and was supported by the testimony of two witnesses, namely, Albert S. Meyer and Cammila T. Sutherland, to the effect that the contract of employment was upon a contingent fee, whatever was recovered in the actions to be divided equally between the defendant and the attorney. The rule is a familiar one that the mere number of witnesses is not to be regarded as controlling upon the question of preponderance, and this court is especially precluded from holding in this case that the preponderance of the evidence is with the defendant, inasmuch as the municipal court justice who heard and decided the case states in his opinion that, while he recognizes the rule that the plaintiff is compelled to establish his case by a preponderance of evidence, he has reached the conclusion that the plaintiff's contention is the proper one, "from the actions