GASTON JAILLET, Plaintiff, *v.* JOSEPH CASHMAN, as Treasurer of Dow, Jones & Company, Defendant.

(Supreme Court, New York Special Term, May, 1921.)

Associations — unincorporated— ticker service — when no action lies against an association for damages occasioned by its incorrect report of decision of United States Supreme Court on taxable status of stock dividends — libel.

> While everyone is under moral obligation to say nothing that is not true, the law does not attempt to impose liability for a violation of that duty, unless it constitutes a breach of contract or trust or amounts to a deceit, libel or slander.
>
> The relation of an unincorporated association engaged in the business of supplying its subscribers with current news by a ticker service to the public, is the same as that of a publisher of a newspaper, and its duties and obligations are to be measured by the same standard.
>
> No action lies against such an association for damages occasioned by its incorrect report of the decision of the United States Supreme Court on the taxable status of stock dividends, by one who seeing such report in his broker's office, sold stocks at a loss, and his complaint must be dismissed.

MOTION on demurrer.

Podell, Ansorge & Podell (David L. Podell, of counsel), for plaintiff.

Emmett, Marvin & Roosevelt (Langdon P. Marvin, of counsel), for defendant.

TIERNEY, J. The defendant is the treasurer of Dow, Jones & Company, an unincorporated association engaged in the business of supplying its subscribers with items of current news by what is known as a ticker service. On March 8, 1920, it incorrectly

reported the effect of a decision of the United States Supreme Court on the taxable status of stock dividends as income. Plaintiff saw the report on a ticker in his broker's office, and believing that prices were going down he sold stocks instead of holding or buying. That was unprofitable because the market rose on receipt of a correct report of the decision, and the plaintiff figures out a loss that he claims is attributable to the incorrect report that he read, and which he claims should be made good to him by the defendant because the mistake was made through negligence. I think that the relation of the defendant association to the public is the same as that of a publisher of a newspaper, and that its duties and obligations are to be measured by the same standard. A mistake in the report of a fact by one or the other is different in its effect only as to the number of people who may be misled and the extent to which individuals may be misled a matter of degree only. There is moral obligation upon everyone to say nothing that is not true, but the law does not attempt to impose liability for a violation of that duty unless it constitutes a breach of contract obligation or trust, or amounts to a deceit, libel or slander. Theoretically, a different rule might be logically adopted, but as a matter of practical expediency such a doctrine seems absolutely necessary. There is no privity between this plaintiff and the defendant. He is but one of a public to whom all news is liable to be disseminated. His action can be sustained only in case there was a liability by the defendant to every member of the community who was misled by the incorrect report. There was no contract or fiduciary relationship between the parties, and it is not claimed that the mistake in the report was intentional. The demurrer to the complaint is sustained and judgment awarded dismissing the complaint, with

ten dollars costs and the costs of the action. As the defect in the complaint is one of substance, and not of form which could be cured by an amendment, no provision for amending the complaint is proper or necessary.

Demurrer sustained and complaint dismissed.