ST. PAUL, J.
 

 Defendant is the publisher of a newspaper. Plaintiffs are merchants who purchased at sheriff’s sale the entire stock and fixtures of “Zodiag’s, Incorporated.” The latter had not paid its advertising bills due defendant. When, therefore, these plaintiffs sought to advertise such stock of goods in defendant’s pages, the latter refused to accept the advertisement; and thereupon plaintiffs sue defendant for $10,000 actual damages, $1,000 for humiliation and worry, and $1,000 exemplary damages.
 

 The defendant excepted that plaintiffs’ petition disclosed no cause of action. And the trial judge maintained the exception and dismissed the suit.
 

 The weight of authority is that the publishing of a newspaper is a strictly private enterprise, and
 
 the
 
 publishers thereof are free to contract and deal or refuse to contract and deal with whom tliey please. Mack v. Costello, 32 S. D. 511, 143 N. W. 950, Ann. Cas. 1916A, 384 ; Commonwealth v. Boston Transcript Co., 249 Mass. 477, 144 N. E. 400, 35 A. L. R. 1 ; Journal of Com. Pub. Co. v. Tribune Co. (C. C. A.) 286 F. 111. And at any rate, it is for the Legislature, and not for the courts, to declare that a business has become impressed with a public use. 6 R. C. L. 227, § 219.
 

 There is, however, one case holding the contrary doctrine, to wit, Uhlman v. Sherman, 22 Ohio N. P. (N. S.) 225. But we prefer to follow the weight of authority.
 

 Decree.
 

 For the reasons assigned, the judgment appealed from is therefore affirmed.