ABRAHAM LUCOMSKY and Another, Plaintiffs, *v.* L. B. PALMER, as Treasurer of Publishers Association of New York City, and Others, Defendants.

Supreme Court, New York County, August 7, 1931.

*De Witt & Van Aken* [*Harry H. Van Aken* of counsel], for the defendants New York Telegram Corporation, News Syndicate Co., Inc., and The Sun Printing and Publishing Association.

*Sackett, Chapman, Brown & Cross* [*Harold L. Cross* of counsel], for the defendants New York Tribune, Inc., and New York Evening Post, Inc.

*Cook, Nathan & Lehman* [*Emil Goldmark* of counsel], for the defendant New York Times Company.

*Thomas E. McEntegart,* for the defendant Morning Telegraph, Inc.

*Charles C. Smith* [*Charles Henry* of counsel], for the defendants New York Evening Journal, Inc., and New York American, Inc.

*Joseph Schultz,* for the defendant Daily Graphic, Inc.

*Morris, Plante & Saxe* [*Paul V. Hoyler* of counsel], for the defendant Lincoln B. Palmer.

*Paul Windels* [*Arthur Windels* of counsel], for the defendant Brooklyn Daily Eagle.

*Edward A. Robertson,* for the defendant Daily Mirror, Inc.

*Jacob Brenner,* for the defendant William Armstrong Publishing Company.

*Jenks & Rogers* [*Abraham Benedict* of counsel], for the defendant Mansfield.

*Parsons & Dowsey* [*Erastius J. Parsons* of counsel], for Harry Boshnack and Nathan Berliner.

*Aaron W. Levy,* for Morris Duhan and Jacob Duhan.

*Samuel Gordon,* for the Rockaway News Supply Co., Inc.

*Meyer Wilen,* for the defendant David Kalet.

SCHMUCK, J. Motion denied. At the outset it will be clearly understood that the position, prestige and wealth of the parties involved play no part in the decision of the question under advisement. The fact that among the defendants are the mighty and perhaps influential metropolitan newspapers cannot and will not sway the court. That plaintiffs are comparatively insignificant and unimportant must not out of sympathy awaken a prejudice in their favor. In law or in equity the court stands blind to personality and vigorous in its adherence to an even holding of the scales of justice. Approaching the question in this mien it is discovered that the plaintiffs seek a temporary injunction against the defendants restraining each and every one of them from urging, advising, requesting, inducing or coercing any one from selling to the plaintiffs any newspaper or periodical; from refusing to sell to the plaintiffs any newspaper or periodical generally sold by them; from hindering or preventing competition in the supply or sale of any newspaper or periodical published or distributed by the defendants, and, finally, from hindering the plaintiffs in the free pursuit of their business of selling newspapers and periodicals. This comprehensive and all-embracing relief is asked for principally on the ground that the defendants, who are publishers, distributors, sellers and dealers in newspapers and periodicals, have combined and conspired in violation of statute to injure plaintiffs in their

natural right to conduct their business free from threat, intimidation, force or coercion. Unless it is clearly discoverable that such a conspiracy exists plaintiffs must suffer defeat.

There is no greater or more carefully guarded prerogative of the individual in American concept or right than the one giving to every individual, natural or legally created, irrespective of color, race or situation, the unqualified right to control his property in every respect, including the right to choose or select to whom to sell. It makes no difference what the commodity — it can be of the most trifling nature or it may be of the most potent influence. It may deal with the commonest of articles of daily use or it may concern so aristocratic an enterprise as the publication of a newspaper. It is all the same. The right has been advisedly termed unqualified, for it does not depend upon reason or motive. But like every right its use must be fair and just. No matter how powerful it cannot be meretriciously used. If utilized with evil design in conjunction with others so as to injure another, its protective force is lost and its invocation no defense. Conspiracy to do harm is a penal offense. (Penal Law, § 580.) Firmly written in our law is the inhibition against two or more persons conspiring to prevent another from exercising a lawful trade or calling by force, threat or intimidation. Equally secure is the right of management and control of one's property and the right to exercise a lawful trade or calling.

From the Court of Appeals in the authoritative and oft-cited case of *Locker* v. *American Tobacco Co.* (195 N. Y. 565) comes this guidance: " It is unquestionable that the owner of property may sell to whom he chooses, and equally he may control his agent. A refusal to sell to any particular individual becomes illegal only when it is done in pursuance of a combination with other owners to injure the individual with whom they refuse to deal. * * * I do not think the extent of the business can affect the rights of the parties. If it is an inherent right of the owner of property to refuse to sell his property to any particular individual, he cannot be deprived of that right simply because of the magnitude of his business or his wealth. Nor do I see how the courts could well draw a line between individuals and corporations." In harmony with this pronouncement many more citations can be adduced, but the necessity therefor is not compelling.

In applying the rule of law found controlling herein it is seen that some of the defendants, publishers as well as distributors and dealers, never dealt with the plaintiffs, and from the very beginning refused all business relations. It is also deducible from the papers that despite the association existing between the publishers many

of them, independent of their organization, elected to decline plaintiffs' patronage. No matter how favorably considered, the affidavits of plaintiffs and their supporters fail to show a combination or conspiracy formulated to do the plaintiffs harm. The doctrine of *Sultan* v. *Star Co., Inc.* (106 Misc. 43) and kindred authorities fail to show the way. Since the refusal of the defendants acting individually is lawful and not the result of a conspiracy to prevent the exercise of a lawful business, trade or calling, it is equally lawful even though it be the result of concerted action, because it never loses its character of rectitude unless done, as was held in *Sultan* v. *Star Co.* (*supra*), in the furtherance of a conspiracy to use the tremendous force of their combined power to compel the plaintiffs to do business as arbitrarily commanded by the defendants or suffer the hazard of doing no business at all.

The injunctive relief, particularly the plea for mandatory direction, which is rarely used, must be denied, for the probability of proving a conspiracy or violation of the Donnelly Act (Gen. Business Law, § 340, as amd. by Laws of 1921, chap. 712) is too remote and problematical.

Order signed.