BIBER BROS. NEWS CO., INC., Plaintiff, *v.* NEW YORK EVENING POST, INC., and Others, Defendants.

Supreme Court, Westchester County, March 24, 1932.

*J. M. Goddard*, for the plaintiff.

*Sackett, Chapman, Brown & Cross* [*Harold Livingston Cross* of counsel], for the defendant New York Evening Post, Inc.

*John Preston Phillips*, for the defendants John Dickson and John Dickson, Jr.

TAYLOR, J. By separate motions, the defendant New York Evening Post, Inc. (hereinafter called " Post "), and the defendants Dickson seek the dismissal of the amended complaint because of its claimed failure to state facts sufficient to constitute a cause of action. (Rules Civ. Prac. rule 106.) Here deemed admitted are facts in effect as follows:

(a) The plaintiff, a wholesale newspaper distributor, and the defendant Post, publisher of a newspaper, on August 20, 1927, entered into an agreement that plaintiff should be the sole distributor in the sale of the said newspaper in the city of Yonkers and its environs; that said corporate defendant should sell its said newspaper exclusively to the plaintiff in said territory, at a special price per hundred papers, which price would enable plaintiff to resell the papers at a higher price to the retail trade in that territory — of which agreement the defendants Dickson were cognizant. This contract was clearly at the will of the parties thereto, for no definite term characterized it.

(b) The plaintiff entered upon its performance of the agreement; it performed plaintiff's part thereof to the knowledge of the defendants Dickson, until September 21, 1931.

(c) On said date the corporate defendant discontinued its dealings with plaintiff; it refused thereafter to sell to the plaintiff, for the reason that then the defendants and others (as plaintiff asserts) " conspired " to have that contract canceled and to have the defendants Dickson substituted for the plaintiff as such sole distributors in that territory, thus to deprive the plaintiff of its profits and to injure plaintiff's business to the latter's resulting damage.

(d) As a result of such conduct of the defendants, plaintiff was

deprived of its right to sell papers in that territory as such distributor; the defendants Dickson obtained such " right " from the defendant Post, to the damage of the plaintiff, recovery for which is sought in this action.

I have not overlooked the fact that the questioned pleading contains, by way of conclusions referring to the defendants' said conduct, numerous characterizations relating to the alleged " conspiracy," among defendants and others, to " violate " plaintiff's alleged contract rights with the defendant Post; but these conclusions, while they may serve to indicate plaintiff's theory, of course, legally add nothing to the pleading helpful in determining whether a cause of action is stated. (*Collins* v. *American News Co.*, 34 Misc. 260, 263; affd., 68 App. Div. 639; *Rosenthal* v. *Rubin*, 148 id. 44, 47; *Bogardus* v. *New York Life Insurance Co.*, 101 N. Y. 328.) As above stated, the contract was for no definite term; it was at will; either party thereto with or without reason could terminate it at any time. (*Locker* v. *American Tobacco Co.*, 121 App. Div. 443; affd., 195 N. Y. 565; *Collins* v. *American News Co.*, *supra; Lucomsky* v. *Palmer*, 141 Misc. 278; *Journal of Commerce Pub. Co.* v. *Tribune Co.*, [C. C. A.] 286 Fed. 111.) Therefore, the plaintiff acquired no " rights " thereunder which could or did survive the defendant Post's termination of the contract incident to its refusal to serve papers to the plaintiff. If the contract had been (as it was not) for a definite term unexpired, then the pleaded conduct of the defendant Post, upon plain principles, would have constituted a breach of the contract for which that defendant could have been cast in damages; and, as to that phase of the litigation which has relation to the pleaded conduct of the defendants Dickson, the latter, upon proper proofs (if the contract was for a definite term), might have been held liable for tortiously inducing the breach by the defendant Post of said contract. (*Posner Co.* v. *Jackson*, 223 N. Y. 325; *Lamb* v. *Cheney & Son*, 227 id. 418; *Campbell* v. *Gates*, 236 id. 457.) (See, also, *Weinberg* v. *Irwinessie Holding Corporation*, 225 App. Div. 241, 244.)

As the pleaded contract could have been terminated by either of the parties, such termination might even be had at the suggestion of a third party. It was a continuing contract uncertain in its duration and, therefore, thus terminable by the defendant Post (*Martin* v. *New York Life Insurance Co.*, 148 N. Y. 117, 121; *Watson* v. *Gugino*, 204 id. 535, 541; *Outerbridge* v. *Campbell*, 87 App. Div. 597), and, even if the canceling party " conspired " with a third party preliminary to the cancellation, that conduct would not have made the lawful act of cancellation unlawful even if there was a malicious " genesis " and no other, unless the latter

was exclusively directed to the injury and damage of the plaintiff; for, where there are also legitimate purposes, there is no liability (*Beardsley* v. *Kilmer,* 236 N. Y. 80); and here there were legitimate purposes; the defendant Post had the right to terminate. From nothing in the amended complaint does the legal inference flow of illegality in the conduct of the defendant Post in refusing to sell; here pleaded is no " combination with other owners to injure " the plaintiff. (*Locker Case,* 195 N. Y. 565, 566.) Likewise no such inference is permissible that the conduct of the substitute distributors Dickson was illegal. Where a person does a lawful act or enforces a legal remedy available to him, it is of no moment that there was a malicious motive behind his act if in fact such motive existed. (Id.; *Cohen* v. *Fisher & Co.,* 135 App. Div. 238; *Beardsley* v. *Kilmer, supra.*)

Therefore, I decide (1) that under plaintiff's well-pleaded allegations the defendant Post was within its rights in terminating its said contract with the plaintiff, thus at will, even if such termination was done at the instance and suggestion of the defendants Dickson and others, and in giving said business to the latter defendants — this regardless of defendants' motives, even if they were malicious; also (2) that the defendants Dickson were within their rights in soliciting and receiving from the defendant Post, and thereafter carrying on, the said business so taken by the defendant Post from the plaintiff. (See, also, *Great Atlantic & Pacific Tea Co.* v. *Cream of Wheat Co.,* [C. C. A.] 227 Fed. 46; *United States* v. *Colgate & Co.,* 250 U. S. 300; 39 S. Ct. 465; 63 L. Ed. 992; *Federal Trade Commission* v. *Beech Nut Packing Co.,* 257 U. S. 441; 42 S. Ct. 150; 66 L. Ed. 307; *Ballard Oil Burning Equipment Co.* v. *Mexican Petroleum Corporation,* [D. C.] 22 F. [2d.] 434; *Cohen* v. *Fisher & Co.,* 135 App. Div. 238; *Newton Co.* v. *Erickson,* 70 Misc. 291; affd., 144 App. Div. 939; *Burgess Bros. Co., Inc.,* v. *Stewart,* 112 Misc. 347; affd., 194 App. Div. 913.)

The views expressed lead to the ruling hereby made that the amended complaint fails to state facts sufficient to constitute a cause of action either against (1) the defendant Post or (2) the defendants Dickson. Each motion, therefore, is granted with a separate bill of costs of the action against the plaintiff in favor of the moving defendant (or defendants). No motion costs. Settle order on notice.