MAX BROWN, Plaintiff, *v.* METROPOLITAN NEWS COMPANY, INC., and Others, Defendants.

Supreme Court, Bronx County, November, 1933.

*Julius S. Berg,* for the plaintiff.

*Vincent & Dodin,* for the defendant Metropolitan News Company, Inc.

*Oliver E. Davis*, for the defendant Funkenstein.

*Deiches & Bernson*, for the Daily News Company.

*Walter Kiernan*, for John C. Mansfield.

HAMMER, J. The plaintiff has applied by order to show cause for an injunction *pendente lite* restraining the defendants from refusing to sell and deliver to the plaintiff copies of the daily and Sunday issues of the *New York Times, New York Herald-Tribune, New York American, Daily Mirrow, Daily News, Jewish Morning Journal* and *Il Progresso*, and from preventing plaintiff from receiving copies thereof and from interfering with competition in this State in the supply thereof and the free pursuit of plaintiff's business in the sale thereof. Defendants deny the plaintiff's claims and each by cross-motion asks for the dismissal of the complaint on the ground that same on its face does not state facts sufficient to constitute a cause of action. The plaintiff is a disabled war veteran with a news stand at the subway station, kiosk or entrance at Two Hundred and Sixth street and Bainbridge avenue, Bronx, through license issued August 1, 1933, by the commissioner of licenses. Philip Funkenstein is and for the past three years has been the lessee and proprietor of a retail candy, tobacco and stationery store closely adjoining, where he also sells as a principal part of his business all the metropolitan daily and Sunday papers. The defendant The News Syndicate, Inc., incorrectly named as Daily News Company, is the owner and distributor of the newspaper the *Daily News*. The defendant Metropolitan News Company appears to be the sole sales agent in the section in question of the other named metropolitan newspapers. The defendant John C. Mansfield, under the title of " Commissioner of Circulation," is established in offices at 280 Broadway, borough of Manhattan, city of New York, by the various morning newspapers for the convenience of the newsdealers widely scattered in locations throughout the city desiring to obtain information and file complaints in respect to circulation. The complaints and information obtained are forwarded by Mansfield to the circulation managers or business managers of such papers, each of whom takes such action thereupon as each sees fit. Applicants for news stands residing in the metropolitan area are sent by the various newspapers to Mansfield, who obtains definite and detailed information concerning the applicant's experience, proposed investment, pecuniary means and other information to enable the circulation manager of the sending newspaper to determine whether such manager will extend delivery service. He has no power to decide whether the applicant shall

receive such service. Mansfield does not represent the *Jewish Morning Journal* or *Il Progresso*.

It is my opinion that the complaint, giving it the benefit of every fair inference that can be drawn from its allegations, states a good cause of action in conspiracy under the provisions of article 22, section 340 of the General Business Law, Laws of 1909, chapter 25, as amended.

Much was said upon the argument concerning sympathy for plaintiff, whose legs have been amputated as the result of war injuries. He is entitled to and shall receive full sympathy as a disabled veteran. Any rights arising out of his condition shall be the subject of solicitude by and receive every measure of protection from the court. He is receiving government compensation on account of his disability, but his right to license is also based thereon. Much also was said concerning any possible restriction of the freedom of the press. That also is a matter of grave consideration to the court for the preservation of which every rightful mandate will be given and no proper remedy denied. The decision here, however, may not be rendered solely upon the basis of a disabled veteran on one side or great newspapers on the other. The issue is more simple. Plaintiff's right to the free pursuit in this State of the retail newspaper business in which he is engaged and not to have his supply of that commodity of common use restrained or prevented by any contract, agreement, arrangement or combination, can be predicated only on the same rules which are applicable to other persons engaged in the same business. There also seems to be no reason for regarding the sale and distribution of newspapers, unless the circumstances involved are extraordinary, which is not the case here, as any different from the sale and distribution of any other commodity of common use and they are governed by and subject to the same rules of law. The fundamental rule of law in respect of the sale of commodities was announced in the case of *Locker* v. *American Tobacco Co.* (195 N. Y. 565). It is as follows: " It is unquestionable that the owner of property may sell to whom he chooses, and equally he may control his agent. A refusal to sell to any particular individual becomes illegal only when it is done in pursuance of a combination with other owners to injure the individual with whom they refuse to deal. * * * I do not think the extent of the business can affect the rights of the parties. If it is an inherent right of the owner of property to refuse to sell his property to any particular individual, he cannot be deprived of that right simply because of the magnitude of his business or his wealth. Nor do I see how the courts could well draw a line between individuals and corporations."

The defendants claim plaintiff obstructs the sidewalk in front of the defendant Funkenstein's store and maintains both a public nuisance and, as to that defendant, a private nuisance, and that the defendant Metropolitan News Company, Inc., and the News Syndicate, Inc., are under contract with defendant Funkenstein to deliver papers to him and if under the circumstances papers were delivered to the plaintiff, the rights of the defendant Funkenstein would be impaired. They assert that no injunction can be predicated upon a refusal to deliver papers to the plaintiff under the circumstances, as such failure cannot be shown under the circumstances to have been exclusively directed to his injury and damage. There is, of course, a rule of law that where there are legitimate purposes, as well as malicious, there is no liability. (*Beardsley* v. *Kilmer*, 236 N. Y. 80; *Bieber Bros. News Co.* v. *New York Evening Post*, 144 Misc. 405, and cases therein cited.) The court is not concerned with motives but only with the issues raised by the affidavits tending to show whether there was an independent refusal to deliver and/or sell by each of the two defendants, Metropolitan News Company, Inc., and The News Syndicate, Inc., or a contract, agreement, arrangement or combination between the defendants which under the section in question was illegal and void. From an examination of the conflicting affidavits it appears that there is no proof either that the defendants Metropolitan News Company, Inc., or The News Syndicate, Inc., refused to sell or supply the newspapers in question to plaintiff at places and by modes of delivery other than by automobile or truck service to his news stand; or that they restrained or prevented the supply of newspapers to plaintiff by others either at wholesale or retail prices. On the contrary, it is shown that plaintiff has been selling newspapers at his news stand which had not been delivered to him either by automobile or truck but for which " he sends downtown and picks up." Plaintiff's proof is not that defendants refused to sell or supply, but rather that they refused to deliver, newspapers by automobile or truck service to his news stand.

Reliance is placed by plaintiff upon the cases of *Sultan* v. *Star Co., Inc.* (106 Misc. 43); *Langley* v. *Furman* (132 id. 726); *Finnegan* v. *Butler* (112 id. 280); *Straus* v. *American Pub. Assn.* (85 App. Div. 446; affd., 177 N. Y. 473). In each of those cases it would seem that there was not only an agreement on the part of the defendants not to sell or deliver, but, in addition, evidence that other persons with whom the defendants dealt were notified to cease selling to the plaintiff on the threat that the supply of any persons who furnished would be cut off, and also proof of unsuccessful effort to obtain a supply from other sources.

I am not satisfied that plaintiff by his proof has shown facts which establish a *prima facie* case of such a combination or conspiracy as is prohibited or a contract, agreement, arrangement or combination as is illegal and void under section 340 of the General Business Law. It is my opinion that the issues raised must await a trial for determination. Plaintiff's motion for temporary injunction denied. Defendants' cross-motion to dismiss complaint denied.