ROBERT L. LEE and MAURICE DUKE, Plaintiffs, *v.* ELSA HARRIS SILVER, etc., and Another, Defendants.

Supreme Court, Special Term, New York County; April 29, 1941.

*Bernard L. Miller* [*Morton Miller* of counsel], for the plaintiffs.
*Goldberg & Goldberg*, for the defendants.

PECORA, J. Defendants move to dismiss the three causes of action alleged in the complaint upon the grounds that each does not state facts sufficient to constitute a cause of action. The first cause of action contains the necessary requirements of an action in fraud and deceit. Although one of the false representations alleged is a misrepresentation of law and, therefore, not actionable, there is a representation of fact included which sustains the cause on this motion, namely, that the defendant mother had been appointed general guardian of the infant.

Ordinarily, actionable misrepresentation must relate to a past or existing fact. However, there may be a representation of an intent to do a future act. To profess such an intent where none exists is a misrepresentation of fact. (*Adams* v. *Gillig*, 199 N. Y. 314.) Upon that basis the second cause of action is sufficient.

The third cause of action is based upon a malicious inducement to breach a contract. It is alleged that the mother of the infant induced her daughter to rescind and disaffirm the contract with plaintiffs. A cause of action exists against a person who maliciously procures another to breach a contract for personal services. (*Hornstein* v. *Podwitz*, 254 N. Y. 443; *Campbell* v. *Gates*, 236 id. 457; *Lamb* v. *Cheney & Son*, 227 id. 418; *Posner Co.* v. *Jackson*, 223 id. 325.) The wrongful act is malicious when done without legal or social justification. I do not believe that the rule should include advice given by a parent to an infant child to disaffirm a contract. Public policy dictates that parents should have an absolute right to advise their infant children with regard to all matters; that such a right should be exercised freely and should not subject the parent to any inquiry as to motive. Such an unrestricted right is one most calculated to promote the best interests of the family relationship. In that respect there is an analogy between this case and cases where breach of a contract to marry has been induced and held not actionable. (*Ryther* v. *Lefferts*, 232 App. Div. 552; *Guida* v. *Pontrelli*, 114 Misc. 181; *Attridge* v. *Pembroke*, 235 App. Div. 101.) In my opinion the third cause of action is, therefore, insufficient and is dismissed. (See *Biber Bros. News Co.* v. *N. Y. Evening Post, Inc.*, 144 Misc. 405.) Settle order accordingly.