POUGHKEEPSIE BUYING SERVICE, INC., Plaintiff, *v.* POUGHKEEPSIE NEWSPAPERS, INC., Defendant.

Supreme Court, Special Term, Orange County, June 1, 1954.

*Van De Water & Van De Water* for defendant.

*Murray M. Segal* for plaintiff.

EAGER, J.  This is a motion to dismiss the complaint herein upon the ground that it fails to state facts sufficient to constitute a cause of action.  The action is by a merchant, who alleges he conducts two retail stores in the city of Poughkeepsie, N. Y., and is brought against a publisher of a Poughkeepsie daily newspaper.  The complaint alleges that the newspaper published by the defendant is the only general daily newspaper in Poughkeepsie and is known as the "Poughkeepsie New Yorker," and that, by reason of its large circulation and high reputation, it is "the dominant advertising medium in the entire area of its publication."  It is further alleged that the defendant refuses, because of the persuasion and coercion of local merchants in competition with plaintiff, to publish advertising of the plaintiff in the defendant's newspaper and that, as a result, the plaintiff's business has been seriously reduced and such refusal has caused and will continue to cause irreparable damage to plaintiff's business.  Further alleging that plaintiff has no adequate remedy at law, injunctive relief is demanded, namely, judgment directing the defendant to accept and publish plaintiff's advertising on payment of the usual charges of the defendant.

To dispose of the motion, the court must decide whether a newspaper publisher may be required to publish proper advertising matter upon the tender of the usual charge therefor or whether such publisher is free to contract and deal with whom he pleases.  There are no New York decisions in point.  The holding of courts in other States is summarized in a note in volume 87 of American Law Reports at page 979 as follows:— "With the exception of one case, *Uhlman* v. *Sherman* (1919) 22 Ohio N. P. N. S. 225, 31 Ohio Dec. N. P. 54 * * *, it has been uniformly held in the few cases which have considered the question that the business of publishing a newspaper is a strictly private enterprise, as distinguished from a business affected with a public interest, and that its publisher is under no legal obligation to sell advertising to all who may apply, for it."

The plaintiff contends that this court should reject the majority view and adopt the reasoning laid down by the Ohio decision

of *Uhlman* v. *Sherman* (*supra*). It was there held that the newspaper business was clothed with a public interest and that a corporation owning and publishing a newspaper was in the class of a quasi-public corporation bound to treat all advertisers fairly and without discrimination. It was further there specifically held that a newspaper publisher, having advertising space to sell, had no right to discriminate against a local merchant, who, in his application for advertising, complies with the law and all reasonable rules of the publisher, and tenders the regular and ordinary fee charged therefor by the paper. Courts in other States have, however, expressly refused to follow this Ohio decision. (See *Shuck* v. *Carroll Daily Herald,* 247 N. W. 813 [Iowa], 87 A. L. R. 975; *Matter of Louis Wohl, Inc.,* 50 F. 2d 254, 256, and *Friedenberg* v. *Times Pub. Co.,* 170 La. 3.)

This court has also reached the conclusion that the rationale of said Ohio decision is not to be followed in this State in that it is contrary to general and fundamental doctrine laid down in our decisional law. For instance, we find decisions here, though not in point, in which it has been generally held that the publication and distribution of newspapers is a private business and that newspaper publishers lawfully conducting their business have the right to determine the policy they will pursue therein and the persons with whom they will deal. (*Lepler* v. *Palmer,* 150 Misc. 546; *Collins* v. *American News Co.,* 34 Misc. 260, 263, affd. 68 App. Div. 639.) And it is said to be " the well-settled law of this State that the refusal to maintain trade relations with any individual is an inherent right which every person may exercise lawfully, for reasons he deems sufficient or for no reasons whatever, and it is immaterial whether such refusal is based upon reason or is the result of mere caprice, prejudice or malice. It is a part of the liberty of action which the Constitutions, State and Federal, guarantee to the citizen." (*Locker* v. *American Tobacco Co.,* 121 App. Div. 443, 451–452, affd. 195 N. Y. 565.) There are limitations to this inherent right, but such limitations must be found either in firmly established common-law principles or in statutory regulations enacted pursuant to the police power for the public good. It has been ably pointed out that there was no rule at common law, similar to the rules applicable to common carriers and inns, whereby a newspaper was forbidden to discriminate between customers. (See *Shuck* v. *Carroll Daily Herald, supra.*) And there are no pertinent statutory regulations in this State. It may be

that the Legislature has the right to reasonably regulate the newspaper advertising business but the fact that it has not seen fit to do so does not confer power upon the courts to impose rules for the conduct of such business.

This court holds, therefore, that, in this State, the newspaper business is in the nature of a private enterprise and that, in the absence of valid statutory regulation to the contrary, the publishers of a newspaper have the general right either to publish or reject a commercial advertisement tendered to them. Their reasons for rejecting a proposed advertisement are immaterial, assuming, of course, there are absent factual allegations connecting them with a duly pleaded fraudulent conspiracy or with furthering an unlawful monopoly. There are no such allegations in this case.

The complaint is dismissed. Submit order on notice.