Joseph A. Gavagakt, J.
The individual defendants move under rule 112 of the Rules of Civil Practice for judgment on the pleadings to dismiss the second cause of action of the complaint and the plaintiff cross-moves under rule 109 to dismiss the affirmative defenses for unsufficiency. The plaintiff is a former employee of the corporate defendant and the individual defendants are officers of the corporation. The challenged cause of action addressed to the individual defendants alleges, among ‘other things, that their wrongful acts resulted in the termination of plaintiff’s employment. On a prior motion the first cause of action, directed solely to the corporate defendant, was dismissed on the ground that the alleged oral agreement for the lifetime employment of the plaintiff was barred by the Statute of Frauds (16 Mise 2d 586, affd. 6 A D 2d 861).
It is now urged that the second cause of action must fall too, since it is predicated upon the alleged wrongful interference by the individual defendants with the void lifetime agreement. To support their contention, the individual defendants rely chiefly on the rule enunciated by the Court of Appeals in Dung v. Parker (52 N. Y. 494, 496): “ A contract void by the statute is void for all purposes. It confers no right and creates no obligation as between the parties to it; and no claim can be founded upon it as against third persons ” (emphasis added).
*703 The individual defendants also argue that absent an enforcible agreement for a definite period of time (as in the ease of Posner Co. v. Jackson, 223 N. Y. 325), plaintiff’s employment was terminable at will and no action is maintainable for maliciously inducing the employer to exercise its lawful right of termination. The rule is well settled that under an employment at will termination of the employment — with or without reason — gives neither the employer nor the employee any cause of action against the other. (Martin v. New York Life Ins. Co., 148 N. Y. 117; Watson v. Gugino, 204 N. Y. 535.) That rule has been extended to relieve third parties from liability for maliciously causing an employer to cancel the employment where, as here, such employment was at will. (Luisoni v. Barth, 2 Misc 2d 315; Squibb & Sons v. Ira J. Shapiro, Inc., 64 N. Y. S. 2d 368, appeal dismissed 64 N. Y. S. 2d 176; Rizika v. Potter, 72 N. Y. S. 2d 176; Biber Bros. News Co. v. New York Evening Post, 144 Misc. 405.)
Stated differently, a lawful act such as the cancellation of plaintiff’s employment at will is not made actionable because it was induced by malicious statements made by third parties to the employer. (See Beardsley v. Kilmar, 236 N. Y. 80. )
Viewed in the light of those principles, the second cause of action of the complaint is untenable in its present form although favored on this motion with every reasonable inference.
However, there may be additional facts available and plaintiff may, if so advised, assert substantially the same liability of the individual defendants in another form. For example, the plaintiff may bring himself within the ambit of Rice v. Manley (66 N. Y. 82) by pleading that the corporate defendant had agreed to continue his employment and was willing to do so but was prevented by the fraud of the individual defendants.
Accordingly, the motion of the individual defendants for judgment on the pleadings is granted unless the plaintiff serve an amended complaint asserting substantially the same liability of the individual defendants within 20 days from service of a copy of the order to be settled hereon, with notice of entry. (McDonnell Rigging Co. v. Nicholson Co., 1 A D 2d 969.) The cross motion to dismiss the affirmative defenses is therefore academic.
Settle order.