George M. Carney, J.
Motion is to dismiss the complaint for legal insufficiency.
The complaint states: Plaintiff is in the business of manufacturing and distributing phonograph records; the individual defendant is an officer of defendant corporation; prior to September 30, 1960, the infant herein, then of the age of 15% *526 years, recorded several musical compositions; plaintiff negotiated in California with the infant and another, associated with the infant, for the right to manufacture and distribute certain recordings; on September 30, 1960, in California, plaintiff and the infant and the other entered into an agreement concerning plaintiff’s rights to manufacture and distribute certain phonograph records; the infant was represented in the making of the agreement by her mother, who signed as guardian; plaintiff made phonograph records of two musical compositions, one of which ‘ ‘ angel baby ’ ’, was an immediate hit, not only because of the musical composition, but also because of the vocal performance of the infant; plaintiff, acting on behalf of one Highland Record Co., on or about October 21, 1960, entered into an agreement with the infant and the other whereby both agreed to render their exclusive services as recording artists for a period of two years, and in which the infant was again represented in the making of the contract by her mother; that under the laws of California the infant had capacity to enter into both agreements and they were valid, although subject to an absolute right of disaffirmance on the ground of infancy; in December, 1960, after the infant had achieved public recognition as a singer and recording artist, the defendants, with knowledge of the existence of the aforesaid agreements, ‘1 wrongfully, maliciously and for the purpose of harming the plaintiff and said Highland Record Co., induced ” the infant to enter into an agreement with the defendant corporation whereby the infant agreed to render her personal services as a phonograph recording artist exclusively for the defendant corporation and disaffirm the aforesaid agreements; that as a result of said inducement the infant on January 11, 1961, disaffirmed her agreement with plaintiff and Highland Record Co.; that thereafter, on January 20, 1961, upon the inducement of defendants, the infant, by her guardian ad litem, instituted a lawsuit in California seeking a determination that the plaintiff’s and Highland Record Co.’s rights with respect to the recordings referred to in Exhibit A, the lease agreement, had been terminated by the said disaffirmance ; that said California lawsuit was settled; the disaffirmance of the contract on the ground of infancy was recognized but, with the approval of the court, plaintiff and Highland Record Co. were given the right to continue distribution of the phonograph record “ angel baby ”, a recording made by the infant; that prior to the institution of this action all parties in interest had assigned their rights to the plaintiff.
Plaintiff admits that under the law of the State of California the infant had the absolute right to disaffirm the agreements on *527 the ground of infancy. A similar right is afforded to infants by the laws of the State of New York.
The question is then posed whether defendants are liable to plaintiff for inducing the infant to exercise her legal right to disaffirm the agreements.
It is obvious that the agreements could not be enforced against the infant. The defense of infancy is a perfect defense on a contract for personal services (Aborn v. Janis, 62 Misc. 95). Since the contract is voidable and unenforcible, it could not be the basis of an action against defendants for inducing a termination of such agreement.
As stated in Adler v. Pilot Ind. (57 N. Y. S. 2d 539, mod. 269 App. Div. 981): “ Obviously the contract right upon which Pilot depends, viz., the alleged right to stay in possession for the balance of the assigned term, was, at best, a tenuous and voidable right. Such rights have been held to be no basis for a claim that a breach of contract had been induced.”
The exercise of a legal right to terminate an agreement by a contracting party cannot be the subject of an action against a third party for procuring such alleged breach (Garcia Sugars Corp. v. New York Coffee & Sugar Exch., 7 N. Y. S. 2d 532; Squibb & Sons v. Ira J. Shapiro, Inc., 64 N. Y. S. 2d 368, appeal dismissed 64 N. Y. S. 2d 176; Lee v. Silver, 176 Misc. 307, mod. 262 App. Div. 149, affd. 287 N. Y. 575).
At best, plaintiff’s rights in the agreements in question were enforcible merely at the will of the infant and no action can arise for inducing the legal termination thereof (Harris v. Home Ind. Co., 16 Misc 2d 702; Biber Bros. News Co. v. New York Evening Post, 144 Misc. 405; Russell v. Marboro Books, 18 Misc 2d 166).
The result would be different were the gravamen of the complaint the fraud or misrepresentation of the third party in inducing such disaffirmance, as was held in Bice v. Manley (66 N. Y. 82). There the third party fraudulently misrepresented certain facts in inducing one of the contracting parties to walk away from his contractual obligations. The actionable wrong was the fraud and misrepresentation and not the act of inducement. This is not the situation herein, since nowhere in plaintiff’s complaint is there an allegation of fraud or misrepresentation.
Further, it appears that under section 1308 of the Labor Code of the State of California it would be a misdemeanor in the absence of consent of the California State Labor Commissioner, for anyone to exhibit, use or employ a minor under the age of *528 16 years in the vocation of singing. This would only affect Exhibit B, the recording artist agreement.
The motion is granted, with leave to replead within 20 days after service of a copy of this order with notice of entry.