William J. Sullivan, J.
In this action brought against 10 insurance companies, two motions to dismiss the complaint are before this court. One motion is made by seven of the named defendants and the other by one additional defendant. Thus all of the defendants have moved against the complaint except Insurance Company of North America and CNA Insurance. Since the allegations of the complaint are made with respect to *297 all of the defendants, this decision will serve as the decision upon the two motions made.
Plaintiff is a licensed insurance broker. After identifying the status of each of the defendants as a foreign corporation licensed to do business in the State of New York, the complaint alleges that plaintiff submitted his insurance business to the defendant companies; demanded that they accept his business; requested that they open a ‘ ‘ brokerage account ’ ’ with him; but that each of the defendants ‘ ‘ wrongfully and arbitrarily ’ ’ refused to open an account or transact business with him, in ‘ ‘ violation of his civil rights ’ ’, to his damage in the amount of $200,000.
As appears from the allegations of his complaint and the statements in the opposing affidavits on these motions, it is plaintiff’s contention that since he is licensed by the State to do business as an insurance broker and the defendants are licensed by the State to do business as insurance companies, they are obliged to do business with him and accept insurance applications from his customers; and that their refusal to do so constitutes unlawful discrimination against him, renders his license worthless, and violates his “ civil rights ”, Plaintiff submits no authority, however, to support this novel claim; nor does he define or point out what “ civil rights ” of his have been violated by defendants’ acts.
The defendants, on the other hand, properly point out that it is the inherent right of a person engaged in business to determine the person or persons with whom he will enter into a business relationship; and that to grant to plaintiff the relief which he seeks would be a violation of defendants ’ fundamental rights (cf. Locker v. American Tobacco Co., 121 App. Div. 443, affd. 195 N. Y. 565; Poughkeepsie Buying Serv. v. Poughkeepsie Newspapers, 205 Misc. 982). As stated in the Locker decision (supra, pp. 451 — 452): “ It is the well-settled law of this State that the refusal to maintain trade relations with any individual is an inherent right which every person may exercise lawfully, for reasons he deems sufficient or for no reasons whatever, and it is immaterial whether such refusal is based upon reason or is the result of mere caprice, prejudice or malice. It is a part of the liberty of action which the Constitutions, State and Federal, guarantee to the citizen. ’ ’
In the Poughkeepsie case (supra, p. 984) Mr. Justice Eager points out that: ‘ ‘ There are limitations to this inherent right, but such limitations must be found either in firmly established common-law principles or in statutory regulations enacted pursuant to the police power for public good.”
*298 Plaintiff has not shown that any such limitations on defendants ’ “ inherent right ” to refuse to do business with him are applicable herein; nor is this court aware of any. If there is to be imposed on insurance companies any duty or obligation such as the plaintiff herein seeks, it will have to be by legislative action in the exercise of the police power for the public good; there is no power in the courts to do so (cf. following excerpt from the opinion in the Locker case [p. 452]: “ It is not within the power of the 'Courts to compel an owner of property to sell or part with his title to it, without his consent and against his wishes, to any particular person ”).
Accordingly, it is the conclusion of this court that the complaint herein is wholly insufficient in law; that it fails to state a cause of action; and therefore the motions for judgment dismissing the complaint are granted, and the complaint is dismissed as to the moving defendants, pursuant to CPLR 3211 (subd. [a], par. 7).