**Herman BURKE, Plaintiff,**

v.

**KINGSPORT PUBLISHING CORPORATION, Defendant.**

**No. CIV-2-74-6.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

Feb. 6, 1974.

Herman Burke, pro se.

Walter O. Waddey, Kingsport, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

In a document entitled "motion for declaratory judgement [sic: judgment]." the plaintiff Mr. Herman Burke seeks punitive damages from the defendant Kingsport Publishing Corporation for refusing on or after November 20, 1973 to publish in its newspaper a want-ad to be headed: "WANTED—JUSTICE IN SCOTT COUNTY." The plaintiff asserts he was incarcerated in Virginia at the time, and the defendant publishes its newspaper in Tennessee.

The jurisdiction of this Court is sought to be invoked under 28 U.S.C. §

222

1443; however, that statute relates to the removal of civil rights actions. This Court defers for the moment the issue of whether its jurisdiction has been invoked.

 The defendant moved, *inter alia*, for a dismissal on the ground that the plaintiff failed to state a claim on which relief can be granted. Rule 12(b)(6), Federal Rules of Civil Procedure. There is merit to such motion. In the absence of circumstances amounting to an illegal monopoly or conspiracy, the publisher of a newspaper is not required to publish an advertisement, even where the advertisement is a proper one, and the regular fee for publication has been paid or tendered. Anno: Advertisement —Publisher's Refusal, 18 A.L.R. (3d) 1287, citing In Re Louis Wohl, Inc., D. C.Mich. (1931), 50 F.2d 254; Approved Personnel, Inc. v. Tribune Co., C.A.Fla. (1965), 177 So.2d 704, 18 A.L.R.3d 1277, 1281–1284[1]; Shuck v. Carroll Daily Herald (1933), 215 Iowa 1276, 247 N.W. 813, 87 A.L.R. 975, 978–979; Friedenberg v. Times Pub. Co. (1930), 170 La. 3, 127 So. 345; North Station Wine Co. v. United Liquors (1948), 323 Mass. 48, 80 N.E.2d 1; J. J. Gordon, Inc. v. Worcester Tel. Publishing Co. (1961), 343 Mass. 142, 177 N.E.2d 586; Bloss v. Federated Publications, Inc., C.A.Mich. (1966), 5 Mich.App. 74, 145 N.W.2d 800; Chronicle & Gazette Publishing Co. v. Atty. Gen. (1946), 94 N.H. 148, 48 A. 2d 478, 168 A.L.R. 879, 883–884 (headnote 14), (dictum, appeal dismissed (1947), 329 U.S. 690, 67 S.Ct. 495, 91 L.Ed. 604, rehearing denied (1947), 329 U.S. 835, 67 S.Ct. 632, 91 L.Ed. 707; Camp-of-the-Pines, Inc. v. New York Times Co. (1945), 184 Misc. 389, 53 N. Y.S.2d 475; Poughkeepsie Buying Service v. Poughkeepsie Newspapers (1954), 205 Misc. 982, 131 N.Y.S.2d 515; *contra*: Uhlman v. Sherman (1919), 31 Ohio Dec. 54, 22 Ohio NP (NS) 225, which was afterward declared by another Ohio court to be a wrong decision, Sky High Theatre, Inc. v. Gaumer Publishing Co. (unreported), no. 22820.

Accordingly, even if this Court's jurisdiction were properly invoked, the plaintiff has not stated a claim on which relief can be granted, and this action hereby is

Dismissed. Should the plaintiff give timely notice of an appeal, he is authorized to proceed on appeal in forma pauperis. Rule 24(a), Federal Rules of Appellate Procedure.