OPINION OF THE COURT
John R. Cannizzaro, J.
This is a motion, brought on by defendant, New York Daily News, for an order dismissing the complaint of the plaintiff for failure to state a cause of action.
Plaintiff’s complaint alleges: "that, on February 6, 1986, plaintiff paid the sum of three hundred and ten ($310.00) dollars to the Co-Defendant, Badalamenti Advertising Agency, Ltd., for an advertisement, that was to appear in the New York Daily News, Kings Shopping Showcase, on Sunday, February 9, 1988.” The complaint goes on to allege that the *891 advertisement had been omitted from defendant’s publication of February 9, and that "as a result of said omission and gross negligence * * * many customers who would be drawn by the advertisement did not appear” and that plaintiff was damaged in the sum of $25,000 from loss of anticipated profits.
The gravamen of defendant’s motion is that a newspaper owes no duty to the merchant to print the advertisement.
It has been established by law for a plaintiff to recover on a negligence claim it must successfully demonstrate "a right, a wrong, and a remedy.” There must be a duty owed to the plaintiff by the defendant, and a breach of that duty, caused the plaintiff to sustain damages. "Whether a duty exists presents a question of law to be determined by the court based upon the facts and circumstances of the case.” (Vogel v West Mountain Corp., 97 AD2d 46, 48.) "While a court might impose a duty where none existed before, extreme care must always be exercised”. (Vogel v West Mountain Corp., supra, at 49, citing Pulka v Edelman, 40 NY2d 781, 786; DeAngelis v Lutheran Med. Center, 84 AD2d 17, 22, affd 58 NY2d 1053; Moore v Shah, 90 AD2d 389.) Thus, the first issue to be determined by this court is whether the defendant, newspaper publisher, owed any duty to the plaintiff, merchant, to publish its advertisement. The overwhelming majority of cases throughout the country follow the general proposition that " 'the business of publishing a newspaper is a strictly private enterprise, as distinguished from a business affected with a public interest, and that its publisher is under no legal obligation to sell advertising to all who may apply for it.’ ” (Poughkeepsie Buying Serv. v Poughkeepsie Newspapers, 205 Misc 982, 983, quoting 87 ALR 979.)
Following the principle set forth in the above-cited case this court finds that no duty existed between the movant and the plaintiff.
"New York long ago held that a news service is not liable to its readers for negligent false statements. (Jaillet v Cashman, 115 Misc 383 [Sup Ct 1921], affd 202 App Div 805 [1st Dept 1922], affd 235 NY 511 [1923].)” (Daniel v Dow Jones & Co., 137 Misc 2d 94, 96.) A news service is not liable for negligent statements absent a specific duty or special relationship between the parties. (Daniel v Dow Jones & Co., supra.)
The Appellate Division, Second Department, has definitively stated, in the case of Pressler v Dow Jones & Co. (88 AD2d 928 [1982]), "there was no basis for recovery for an allegedly *892 negligent misstatement [of a newspaper advertisement] since no special relationship existed between the parties (see International Prods. Co. v Erie R. R. Co., 244 NY 331, 337-338; Jaillet v Cashman, 115 Misc 383, affd 202 App Div 805, affd 235 NY 511).”
In the case at bar plaintiff seeks redress for defendant’s nonfeasance and not for misfeasance in publishing an inaccurate advertisement. Restatement (Second) of Torts § 766C (c) (1977) provides:
"One is not liable to another for pecuniary harm not deriving from physical harm to the other, if that harm results from the actor’s negligently * * *
"(c) interfering with the other’s acquiring a contractual relationship with a third person.”
Comment a, illustration 4 (op. cit.) is particularly relevant. "A contracts with a telephone company for the insertion of A’s business advertisement in its telephone directory. Through the negligence of B, who prints the directory for the company, the advertisement is omitted and as a result A suffers pecuniary loss. B is not liable to A for tortiously interfering with contractual relations.”
Plaintiff cannot recover for negligent interference of prospective pecuniary advantage unless he demonstrates that a special relationship exists between himself and the defendant. There is no such demonstration made by plaintiff Glaub Jewelers.
As there is no legal duty imposed upon the defendant to accept the advertisement for publication, it cannot be held liable for its failure to do so. (See, Indiana Constr. Corp. v Chicago Tribune Co., 648 F Supp 1419 [ND Ind 1986] [no liability for loss of advertisement].)
Without such a duty there can be no liability. Plaintiff’s complaint against defendant, Daily News, is therefore dismissed for failure to state a cause of action.
The court will not address itself to the issue of whether or not a contract existed between the parties, as the complaint sounds only in negligence.