Howard T. Hogan, J.
The plaintiff in this action moves for a mandatory injunction to compel the defendant newspaper to accept an advertisement proffered by the plaintiff for insertion in defendant’s paper.
The defendant moves for summary judgment pursuant to rule 113 of the Rules of Civil Practice, relying upon documentary evidence and facts which are not in dispute.
There is a contract between the parties covering this ad which among other things provides as follows: “Terms and conditions: 1. Advertising copy. The subject matter, form, size, wording, illustrations and typography of all advertising is subject to the approval of the publisher.
Thus, this case differs from both Camp-of-the-Pines v. New York Times (184 Misc. 389) and Poughkeepsie Buying Service v. Poughkeepsie Newspapers (205 Misc. 982) in that those cases construed the rights of an advertiser, as against the publisher, as they exist independent of private contract and concluded that the newspaper business is not clothed with a public interest to the extent that the courts would be justified in interfering with the traditional freedom of 'an individual to refuse to maintain trade relations with another for any reason which he deems sufficient, or for no reason whatever.
However, the contract which the plaintiff relies upon here, conferring as it does the broadest discretion on the defendant to reject copy without limitation of any kind, can scarcely be ■said to put it in any better position than if it had no contract at all.
In an analogous situation in the case of Rose v. Brown (186 Misc. 553) the court held that such a reservation of “ approval ” did not relieve a radio broadcast station from a duty to be reasonable in passing upon a script submitted to it. No authority is cited for this limitation on the freedom of contract desirable though it may be, but assuming it to be a sound statement of the law for the purpose of this discussion, it affirmatively appears here that the defendant’s refusal to publish the advertisement was neither unreasonable nor arbitrary.
It appears that the plaintiff has acquired a lot of Red Cross shoes at distress prices from two retailers who liquidated in Washington, D. C. and Boston, These are concededly a fair-trade item covered by the Feld-Crawford Act (General Business Law, § 369-a et seq.). It is the plaintiff’s intention to sell these shoes at less than the fair-trade price and it seeks to place an ad in defendant’s paper featuring these very shoes. While the present ad which is the subject of the complaint *990 specifies no price, a previous proposed 'ad did specify a price and in this context, it is clear that the defendant has been made well aware of plaintiff’s intentions, so that it would be in no position to deny complicity if the ad were published. The manufacturer of Eed Cross shoes has warned the plaintiff of impending legal action if it sells these shoes for less than the fair-trade price so that it is abundantly evident that defendant has not acted unreasonably in deciding that it does not wish to be made a party to such litigation.
While the defendant might have accepted the plaintiff’s offer to indemnify it against any loss flowing from the publication, it was under no contractual duty to accept indemnity and it is not the function of the court to make other and different contracts for the parties.
Accordingly, plaintiff’s motion is denied and defendant’s motion for summary judgment is granted, without costs.
Short-form order signed.