■ JULIO SUAREZ et al., Appellants, v. F. W. WOOLWORTH COMPANY, Respondent.— Motion for leave to appeal to the Appellate Division denied, without costs. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ.

■ WALBERN PRESS, INC., Respondent, v. WILLOW & REED, INC., Appellant.— Motion for leave to appeal to the Court of Appeals denied. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ.

■ NATHANIEL CHANDLER et al., Respondents, v. LONG ISLAND RAIL ROAD COMPANY, Appellant.— In an action to recover damages for personal injuries, the appeal is (1) from a judgment entered upon a jury verdict in favor of respondents, and (2) from an order denying appellant's several motions for judgment and to set aside the verdict and for a new trial. Respondents were riding in a truck 11 feet high and were injured in attempting to pass under a bridge which carried appellant's tracks over a public highway and which had a road clearance of 10 feet, 3 inches. Judgment and order unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ.

■ EMPIRE SPORTSWEAR, INC., Appellant, v. NEWSDAY, INC., Respondent. — In an action by the owner of a retail store (1) to compel a publisher of a daily newspaper to accept an advertisement for publication and similar advertisements, (2) to enjoin during the existence of an advertising contract the rejection of similar advertisements, and (3) to recover damages, the appeal is (a) from an order denying the retailer's motion for an order directing the publisher to accept for immediate publication the rejected advertisement, and granting the publisher's cross motion for summary judgment (Rules Civ. Prac., rule 113), and (b) from the judgment entered thereon. Order and judgment unanimously affirmed, with $10 costs and disbursements. The advertising contract provided that the "subject matter, form, size, wording, illustrations and typography of all advertising is subject to the approval of the publisher." Prior to the execution of the contract between the parties, respondent was notified by the manufacturer of the articles involved in the sale that they were subject to fair trade agreements under the Fair Trade Law of New York (General Business Law, art. XXIV-A) and that newspapers carrying advertising in violation of that law were equally liable with a noncomplying retailer to damage actions. Respondent concedes that it could not arbitrarily reject any advertising copy submitted under the contract and that its refusal to publish the advertisement was required to have a reasonable basis. Appellant does not deny that the proposed sale, which the advertising copy submitted involved, would have been in violation of the fair trade agreements under the Fair Trade Law. We shall assume that the publisher of a newspaper, who knowingly and willfully publishes an advertisement of articles to be sold in violation of the Fair Trade Law, is not liable to the manufacturer or to a complying retailer. Nevertheless, under the contract, respondent was not required to publish an advertisement for a sale which was to be held in violation of the Fair Trade Law (*Amalgamated Furniture Factories* v. *Rochester Times-Union*, 128 Misc. 673, 675). Present — Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ. [13 Misc 2d 988.]