AUGUSTINE LANGLEY and Another, Plaintiffs, *v.* LOUIS A. FURMAN and Others, Defendants.

Supreme Court, Niagara County, August 27, 1928.

Monopolies — injunction — action, under General Business Law, § 340, to restrain defendants from refusing to sell newspapers and periodicals to plaintiffs — one of defendants is sole distributor for certain publishers and two others are retail agents — evidence justifies inference of conspiracy — publishers not involved — temporary injunction granted against sole agent of publishers and individuals engaged in retail.

The plaintiffs are engaged as copartners in operating a confectionery store and newsstand in the city of Niagara Falls. One of the defendants is sole distributor of newspapers and magazines published by various publishers and two other defendants are engaged in a business similar to that of the plaintiffs. The remaining defendants are the publishers. This action is brought under section 340 of the General Business Law on the ground that the defendants have entered into an unlawful combination whereby a monopoly of the sale of an article of common use has been created in that the defendants have formed a conspiracy against the plaintiffs and have refused to sell newspapers and magazines to them and have otherwise prevented them from obtaining said newspapers and magazines for sale.

Newspapers are articles of common use, within the meaning of section 340 of the General Business Law, and it is conceded that the plaintiffs have been deprived of the right to purchase said articles by the action of the individual defendants.

The other evidence is sufficient to justify the inference that the individual defendants have entered into some arrangement for the purpose of depriving the plaintiffs of the right to purchase newspapers and sell the same in their retail business, and, therefore, a temporary injunction is granted as against them.

But since the publishers deny any knowledge that their agents are depriving plaintiffs of the right to purchase papers and sell them, the injunction will not run against the publishers.

MOTION for a temporary injunction restraining defendants from refusing to sell newspapers, periodicals, etc., to plaintiffs.

*Nicholson, Hunt & Carrie,* for the plaintiffs.

*J. William O'Brien,* for the defendants Louis A. Furman and Johnson & Johnson.

*Falk, Phillips, Twelvetrees & Falk,* for the defendant Buffalo Courier-Express, Inc.

*Tuttle, Rice & Stockwell,* for the Niagara Falls Gazette Publishing Company.

*Botsford, Mitchell, Albro & Weber,* for the defendant Edward H. Butler.

CHURCH, J. This proceeding is begun in the above-entitled action for an order restraining the defendants from refusing to sell newspapers, periodicals, etc., to the plaintiffs.

The action itself is for a permanent injunction of a like nature, and damages alleged to have been sustained by the alleged illegal agreements, actions and conspiracies set forth in the complaint.

The conceded facts are that plaintiffs were engaged as copartners in operating a general cigar, tobacco, confectionery and newsstand business in the city of Niagara Falls, under the firm name of Langley & Clark.

That the defendant Louis A. Furman is distributor for the city of Niagara Falls of the newspapers published by the other defendants, Buffalo Courier-Express, Inc., Niagara Falls Gazette Publishing Company, Buffalo Times, Inc., and Edward H. Butler, and that the defendants Paul Johnson and Gustave Johnson are engaged in a similar business to that in which the plaintiffs are engaged within the same city block where the plaintiffs' business is located in the city of Niagara Falls, N. Y.

It is further conceded that the defendant Louis A. Furman distributes many other periodicals and magazines, and that his place of business is in the rear of and physically connected with the business conducted by the defendants Paul and Gustave Johnson at No. 2124 Main street, Niagara Falls, N. Y.

The plaintiffs claim in their moving papers herein that they are unable to purchase either at wholesale or retail, for their newsstand, any of the newspapers published by the defendant publishers for sale to their customers, and that by reason of such inability to purchase, their business has suffered and is suffering damage.

They further detail in their moving affidavits a series of attempts, successful and unsuccessful, to obtain newspapers both from the various defendant publishers thereof, from the defendant Louis A. Furman, and from various newsboys and newsstands.

They charge and cite specific instances where persons with whom they have dealt have been notified by some of the defendants to cease selling to the plaintiffs newspapers, on the threat that the supply of the person so furnishing newspapers to the plaintiffs would be cut off.

These threats all of the defendants deny.

The defendant publishers further deny each specifically that they had any agreement or arrangement with each other or with any person or persons to prevent the plaintiffs obtaining newspapers. They each contend, however, that they have made the defendant Louis A. Furman their sales agent for the city of Niagara Falls, N. Y., without specific knowledge of the fact that the other defendants have done the same thing, and that they had a right to name whom they would as sole representative or sales agent of the newspaper of the specific defendant for the territory covered.

Each newspaper publisher defendant declines to assume any responsibility relative to the distribution of its product in the city of Niagara Falls, N. Y., except through the sales agency conducted by defendant Louis A. Furman.

It is further practically conceded by all the parties that the plaintiffs are unable to purchase the newspapers in question for use and distribution on their newsstand.

The statute relied upon by the plaintiffs in inaugurating this proceeding for an injunction is section 340 of the General Business Law (as amd. by Laws of 1921, chap. 712), and reads as follows:

" § 340. Contracts for monopoly illegal and void. Every contract, agreement, arrangement or combination whereby

" A monopoly in the manufacture, production or sale in this State of any article or product used in the conduct of trade, commerce or manufacture or of any article or commodity of common use is or may be created, established or maintained, or whereby

" Competition in this State in the supply or price of any such article, product or commodity is or may be restrained or prevented, or whereby

" For the purpose of creating, establishing or maintaining a monopoly within this State of the manufacture, production or sale of any such article, product or commodity, the free pursuit in this State of any lawful business, trade or occupation is or may be restricted or prevented, is hereby declared to be against public policy, illegal and void."

The question involved here is, then, whether any or all of the defendants have violated the above-quoted act. It must be conceded that the newspapers involved in this controversy are articles of common use, and it must further be conceded that these plaintiffs

are deprived of the right to purchase such articles of common use, and we have, therefore, to determine whether a monopoly in the sale of these newspapers was made by any contract, agreement, arrangement or combination between all or any of the defendants, so that competition in the supply of newspapers in question was restrained or prevented.

In *People* v. *American Ice Company* (120 N. Y. Supp. 443) the court says: " A monopoly in the modern sense is created where, as the result of effort to that end, previously competing businesses are so concentrated in the hands of a single person or corporation * * * that they have power to practically control prices of a commodity and thus suppress competition."

This rule of course would be the same had the question of " supply " instead of price of the commodity been involved, so that its application to this case is apparent.

The defendant Furman admits that he has declined to sell to the plaintiffs, and it is plain from all the papers submitted herein that none of the newspapers in question can be obtained by the plaintiffs for general sale in their business, except through the said defendant Furman.

The reason assigned by Furman for his declination is that the place of business of plaintiffs is within a few doors of the business of the defendants Johnson, who are his regular customers and to whom he furnishes his newspapers, and that competition would be ruinous to his said customers, but denies any agreement with the defendants Johnson, and denies the allegations of the moving papers that he has at various times threatened various newsboys and news dealers with taking away from them their right to buy newspapers, if they continued to sell to the plaintiffs.

This application is in many ways similar to the application that was passed upon by Mr. Justice SEARS in 1920, in *Finnegan* v. *Butler* (112 Misc. 280).

In passing on the proposition in that case, the court quoted some of the facts proven, and said: " Such facts establish a *prima facie* case of a combination or conspiracy. Such a conspiracy may be established circumstantially." Citing *Heughes* v. *Board of Education* (37 App. Div. 180), and quoting therefrom: " Direct and positive proof of such an offense is, from the nature of things, seldom attainable, and for this reason resort is frequently had in both civil and criminal actions to circumstantial evidence, that is, to evidence of disconnected acts on the part of the individual conspirators which, when taken in connection with each other, tend to show a combination to secure a particular result; and this character of evidence is often quite as satisfactory and conclusive

as more direct proof." (Citing *People* v. *Flack,* 125 N. Y. 324; *People* v. *Van Tassel,* 156 id. 561.)

The court then said: " The defendants upon the argument conceded that it would be unlawful for the defendants to combine to prevent newsdealers or newsboys from selling the Buffalo *Commercial* by offering them money considerations. It would be equally unlawful to accomplish the same purpose by threatening to refuse to sell the defendants' newspapers to newsdealers handling the *Commercial.*" (Citing *Sultan* v. *Star Company,* 106 Misc. 43, 55; *Straus* v. *American Publishers' Assn.,* 85 App. Div. 446, 449; 177 N. Y. 473, 477.)

This court is satisfied from this reasoning and the affidavits submitted with admissions of defendant Furman, that the preliminary injunction as against the defendant Louis A. Furman and the defendants Paul Johnson and Gustave Johnson is justified in that some such arrangement as the statute prohibits may be inferred from the circumstances and admissions as existing between said defendants to prevent competition in the immediate locality of the two places of business conducted by plaintiffs and the defendants Johnson.

This court feels, however, that from the evidence submitted it is not justified in concluding that the defendant publishers were parties to this agreement. Their affidavits specifically deny any such participation, and further that it is doubtful whether any inference could be drawn from which it might be concluded that they had agreed among themselves in any manner to prevent the plaintiffs from obtaining newspapers. However faulty it may be, we must recognize that it is a method of modern business that makes it necessary for concerns such as the defendant publishers of the newspapers involved herein, to place the distribution of their product in the hands of agents, and to a large extent to allow these agents discretionary powers.

The rule seems to be well settled that in the absence of a conspiracy or an agreement which would be a violation of the above-quoted statute, the owner of property may sell to whom he chooses, and refuse to sell to whom he may desire to so refuse. (*Locker* v. *American Tobacco Co.,* 195 N. Y. 565.)

Having, therefore, reached the conclusion expressed above, I am satisfied that on this preliminary motion the injunctive relief pending this litigation should be granted as against the defendants Furman and the defendants Johnson, but denied as to the defendants the Buffalo Courier-Express, Inc., the Niagara Falls Gazette Publishing Company, the Buffalo Times, Inc., and Edward H. Butler.