JOHN MARSICH, Plaintiff, *v.* EASTMAN KODAK COMPANY and Others, Defendants.

Supreme Court, Richmond County, May 12, 1934.

*Hubbell, Taylor, Goodwin, Nixon & Hargrave*, for the motion.
*Smith, Heymsfeld & Weiss*, opposed.

BONYNGE, J. The questions presented here are, *first*, whether a manufacturer may lawfully dictate the resale prices of his products, and, *second*, whether an alleged combination between the manufacturer and his jobbers to attain this end constitutes an actionable wrong under section 340 of the General Business Law. The complaint does not charge that the alleged combination was formed with any intent to injure the plaintiff or to destroy his business. *Locker* v. *American Tobacco Co.* (121 App. Div. 443; affd., 195 N. Y. 565) and *Park & Sons Co.* v. *National Druggists' Assn.* (175 id. 1) strongly sustain the defendants' contentions. As was said by Chief Judge CULLEN in the case first cited: " It is unquestionable that the owner of property may sell to whom he chooses, and equally he may control his agent. A refusal to sell to any particular individual becomes illegal only when it is done in pursuance of a combination with other owners to injure the individual with whom they refuse to deal." The authority of the foregoing cases has been vastly strengthened by recent happenings. Within a year industries all over the land have come under the operation of a comprehensive system of regulatory codes, with the result that the sin of yesterday has become the virtue of today. According to the present point of view, the offense lies not in keeping up prices but in the making of any concession below a preordained schedule. While this assumption prevails, the outlook for cases like the one at bar is not highly encouraging.

Motion granted, with leave to the plaintiff to plead anew within twenty days upon payment of ten dollars costs.