Abraham N. Geller, J.
This is a motion to dismiss an amended complaint for legal insufficiency. The original complaint was dismissed, with leave to replead, on the ground of failure to allege the existence of a contract between the parties and facts showing a duty or obligation on the part of defendant publisher of a commercial directory to continue plaintiff’s listing.
*65 The amended complaint contains the following additional allegations upon information and belief: that there is no other directory of a similar nature listing dealers of dried fruits, nuts, candies and gift baskets, whereby dealers such as plaintiff may telephone orders received in one city for filling and delivery on credit in another city; and that on or about December 1, 1963 defendant, acting in concert with others, with intent to restrain competition and to prevent plaintiff from engaging in the free pursuit of his business, deleted his name from its directory and notified him that it would not accept any tender of the publication fee nor publish his name “ in the future.”
As a general rule, ‘1 One who is not bound by contract or public duty has the right, under ordinary conditions, to refuse to sell his property to, or to have other dealings with, any other person, absolutely or conditionally, regardless of reason or motive ” (36 Am. Jur., Monopolies, Combinations, and Restraint of Trade, § 24). The special circumstances in which liability for a refusal to deal may be imposed are set forth in Restatement, Torts (§ 762): “ One who causes intended or unintended harm to another merely by refusing to enter into a business relation with the other or to continue a business relation terminable at his will is not liable for that harm if the refusal is not (a) a breach of the actor’s duty to the other arising from the nature of the actor’s business or from a legal enactment, or (b) a means of accomplishing an illegal effect on competition, or (c) part of a concerted refusal by a combination of persons of which he is a member.”
Thus, a service charged with a public interest, such as that required by legal enactment or provided by a public utility, a telegraph or telephone company, or the Associated Press (see Inter-Ocean Pub. Co. v. Associated Press, 184 111. 438), is bound to serve without discrimination all who comply with reasonable regulations and request it (Torts, Restatement, § 762, subd. [a]; § 763). The amended complaint does not proceed on that theory and its allegations would not support a claim based thereon.
Plaintiff’s reliance is on the allegations that defendant’s trade directory is in effect a monopoly and that it acted in concert with others to restrain competition on the part of plaintiff.
An unjustified refusal to deal with a third person becomes illegal when done in pursuance of a combination with others (Locker v. American Tobacco Co., 195 N. Y. 565; Restatement, Torts, § 762, subd. [c]; § 765). But where a single person or c'orporation controls substantially the entire production or output, it would appear that refusal to deal is not actionable unless the object of the refusal is the illegal destruction of competition *66 (Locher v. American Tobacco Co., supra; Restatement, Torts, § 762, subd. [b]; § 764, Comment a).
Where the complaint alleges in conclusory and generalized form unlawful combination as the gravamen of such a cause of action, it is deemed insufficient if unsupported by necessary allegations of particular facts (see North Station Wine Co. v. United Liquors, 323 Mass. 48). Here the allegation as to defendant publisher acting in concert with unnamed persons with purported intent to restrain the competition of plaintiff, a retail food dealer, is obviously not “ sufficiently particular to give the court and the parties notice of the transactions * * * intended to be proved ” (CPLR 3013).
The remaining question is whether the pleading may be upheld on the basis of the allegation upon information and belief that there is no other similar directory in this line of business. Even assuming that an unjustified refusal by defendant to deal Mth plaintiff might under certain circumstances be actionable, the amended complaint fails to allege that plaintiff’s credit standing and business performance were satisfactory at the time in question and that plaintiff had complied with all reasonable regulations of defendant. It must, at least for that reason, be dismissed.
Further leave to replead may be granted only if plaintiff has set forth evidence that could properly be considered on a motion for summary judgment, which satisfies the court that he has good ground to support his cause of action (CPLR 3211, subd. [ e]). The documentary evidence referred to by both parties conclusively establishes that plaintiff’s basic fact allegation, that defendant notified him that it would not accept his tender of the publication fee nor publish his name in the future, is untrue. As the result of some complaint by a correspondent dealer, defendant did not forward its annual bill to plaintiff for the following year’s publication. Plaintiff should have then requested it or given notice in some form that he desired a renewal. He did not get in touch with defendant until about two months later. After a brief exchange of correspondence, defendant wrote plaintiff that if he wanted to reapply within a year’s time, it would send him a new application blank. It is quite clear that there is no ground to support this cause of action which is bottomed on a refusal by defendant to deal with plaintiff.
The amended complaint is accordingly dismissed, without leave to replead.