■ TICK & Co., INC., Respondent, v INDUSTRIAL RISK INSUR-ERS, Appellant, et al., Defendant.—Order, Supreme Court, New York County (Andrew Tyler, J.), entered February 23, 1989, which, *inter alia,* denied the motion of defendant-appellant for summary judgment dismissing the complaint, unanimously reversed, on the law, to the extent appealed from, the motion for summary judgment is granted, and the complaint is dismissed, with costs.

In this action, commenced August 7, 1979, plaintiff insurance broker, Tick & Co., Inc. (Tick), alleges that defendant insurance broker, Marsh & McLennan, Inc. (M & M), engaged

in an anticompetitive conspiracy or agreement with defendant-appellant insurer, Industrial Risk Insurers (IRI), which resulted in Tick's loss of the account of carpet manufacturer General Felt Industries, Inc. (GFI). Tick's claims stem from its attempt, in July 1977, to obtain property insurance for GFI after the latter's then insurer announced that the policy in effect would be canceled due to the volume of losses suffered, and urged that replacement coverage be obtained by July 16, 1977.

Seeking a new insurer, Tick, which represented GFI on insurance matters pursuant to a three-year nonexclusive agreement entered into in July 1974, communicated with numerous insurance companies, including IRI's New York branch, but met with no success.

In late July 1977, M & M was granted a written authorization from GFI to help obtain its needed coverage and, in accordance therewith, began to contact various insurers, including IRI's Hartford, Connecticut, office. Because GFI had a history of large losses, M & M devised a strategy to make the account more appealing to prospective insurers. M & M's plan included a substantially increased premium, more restrictive terms of coverage, and risk-reducing improvement to GFI's facilities. IRI's Hartford branch responded by submitting a bid in late September 1977, which GFI accepted on October 4, 1977. Two years later, Tick commenced this action.

The complaint asserts two causes of action, the first of which alleges a violation of General Business Law § 340, known as the Donnelly Act, and the second a violation of Insurance Law § 2316 (previously § 177). Each cause of action is predicated upon the claim that, sometime between July and October 1977, the defendants engaged in a conspiracy, agreement, or arrangement by which IRI preferentially provided through M & M the GFI coverage which Tick had previously sought from IRI.

In June 1988, after the completion of discovery, IRI moved for summary judgment dismissing the complaint. This motion was denied, and IRI now appeals. Upon careful examination of the record, we conclude that, in the decade that this case has been litigated, Tick has utterly failed to provide a scintilla of evidence indicating that IRI's July 1977 rejection of its solicitation was in any way the product of a conspiracy, agreement, or arrangement between IRI and M & M.

First, the uncontroverted evidence confirms that IRI's New York office determined in early July 1977 not to bid for the

account, and that GFI did not enlist M & M's assistance until July 26, 1977. Indeed, the fact that M & M was engaged by GFI militates against a claim of collusion between IRI and M & M. Moreover, there is direct and unrefuted evidence, in the form of testimony by representatives of both IRI New York and M & M, that no contact was established between them in 1977. Tick's attempt to defeat summary judgment by asserting the existence of credibility issues regarding this testimony, as well as the related testimony with respect to whether IRI Hartford's representatives were aware that IRI New York had rejected the GFI account, must fail in the absence of any factual support therefor.

Further, it is undisputed that M & M's solicitation to IRI Hartford was a far more acceptable one than that presented by Tick to IRI New York. Indeed, Tick's assertion that it, too, "could have" instituted a loss-prevention program merely serves to confirm the absence of this critical inducement in its presentation to prospective insurers.

In light of this record, we conclude that there exist no genuine issues of material fact which warrant defeat of summary judgment. *(Kornfeld v NRX Technologies,* 62 NY2d 686.) Rather, the credible evidence fails, as a matter of law, to establish that defendants IRI and M & M entered into any "contract, agreement, arrangement or combination", much less one which restrained trade unreasonably or tended to create a monopoly. (General Business Law § 340 [1]; *Anheuser-Busch, Inc. v Abrams,* 71 NY2d 327, 333; *see,* Insurance Law § 2316.)

At best, the circumstances before us constitute a refusal by one party to do business with another, an act long recognized as "an inherent right which every person may exercise lawfully, for reasons he deems sufficient or for no reasons whatever, and it is immaterial whether such refusal is based upon reason or is the result of mere caprice" *(Locker v American Tobacco Co.,* 121 App Div 443, 451-452, *affd* 195 NY 565). Concur—Murphy, P. J., Sullivan, Kassal, Wallach and Smith, JJ.